We'll move on to our next case, which is Brown v. City of Chicago. Ms. Murchison. Good morning. May it please the court, my name is Denise Murchison and I represent the appellant Orlando Brown. This case raises two issues, but very briefly I'm going to cover three points. And the three points are res judicata, the exception to the claims spitting rule applies in this case. The second point is the district court's jurisdiction to hear the administrative review claim of the Chicago Police Board to terminate Brown. They had jurisdiction. They had an opportunity to decline. And the third point that I would like to address to the court is waiver. The plaintiff, the appellant did not waive his, his ethical exception claim to res judicata. However, the court, that's an admonition. Okay. Going to the first point, the Illinois Supreme Court has adopted exceptions to rule against claims spitting and has set forth in 26 of the restatements second judgments. For example, res judicata does not apply where the court in the first action has expressly reserved the plaintiff's right to maintain the second action. In this case, the court reserved Brown's opportunity. How do we know that? We know that, Your Honor, because there is an order. There's a notation, right? The order wasn't signed by the judge. Your Honor, there are two cases that really speak to this. And yes, the order was signed by the judge. I mean, look, there's a concern here. The concern is you're before a judge and you don't, you don't like the way, the way things are going. I don't think the judge is sympathetic to your case. So you say, all right, I'm going to dismiss it. Meaning you're going to refile it, hoping to get a more sympathetic judge. Right? That's the danger in these cases with leave to refile. Your Honor, these are the facts. So don't we need evidence that the judge, not some clerk in the, you know, really did think that Brown should be allowed to, you know, bring another suit? Well, Your Honor, that's speculation with all due respect. These are the facts. That's right. It is speculation. Yes. And what's wrong with the speculation? Why shouldn't we say if a judge really does want to dismiss without prejudice, leave to refile and so on, he should say so? Or he should sign an order saying that rather than just leave it to the notations that clerks make. Your Honor, very fortunately, the courts have addressed this issue. And they've addressed it in two cases. In Quintus, we had the very same, similar issue. Not the Illinois Supreme Court, though, correct? Pardon me, Your Honor? The Supreme Court of Illinois hasn't addressed the issue. The appellate court has addressed it. Yes, and the Supreme Court has not, right? I will concede that. And the Supreme Court has indicated that the express reservation doctrine is extremely limited and has to be borne out by an express reservation in writing, and the claim to be reserved has to be specifically identified. Well, Your Honor, Severino really speaks to that. In Severino, there was a voluntary dismissal order. And in that court, the parties brought it to the court's attention. That's another court of appeals decision. I'm talking about what the Illinois Supreme Court has said, and that's what's important here. Well, the Illinois Supreme Court has not addressed this issue. The Illinois Supreme Court has articulated the scope of the doctrine, though, and the doctrine is narrow and only applies, as an exception to res judicata, if the reservation is in writing, entered on the record, and specifically identifies the claim to be reserved. Otherwise, you'd have the kind of gaming of the system that Judge Posner is referring to. Your Honor, those issues did come up in Severino, and I respectfully cite those cases to the court. Right, but it's not effective or persuasive to us. We look to what the state Supreme Court has said. And if the court of appeals decisions are out of step with what the state Supreme Court has said, we disregard them. They're not authoritative. I would like to move along to my second point, if I may. The district court erred in finding that it did not find jurisdiction over Brown's account for administrative review of the Chicago Police Board's decision. The Supreme Court found, 28 U.S.C. 1367, authorizes the district court to exercise supplemental jurisdiction over state law claims for on-the-record review of administrative decisions. But that does not mean that jurisdiction must be exercised in all cases. The district court can decline to exercise pendent jurisdiction over such claims in the interest of judicial economy, convenience, fairness, and comedy. Now, this is particularly applicable in this case, because count one and count two and count three really arise from the same facts. Here, count three of Brown's complaint, which was the administrative review, does fall under supplemental jurisdiction because it is so related to counts one and two. And that's what section 1367A is designed, to bring all these claims together and to have the court and the parties litigate these claims in an economical manner. And this was really denied in this case because, unfortunately, the district court decided on its own that it did not have jurisdiction. The Supreme Court has established that pendent jurisdiction is a doctrine of discretion. There's no question about that. A court stating that it lacks jurisdiction and that it is declining jurisdiction, that's two different things. It appears that Judge Coleman actually meant to decline jurisdiction, but instead said that the court had no jurisdiction and said that on two occasions. Well, this is erroneous and against well-settled law. It's clear that the district court sought for Brown to advance his claim in the circuit court of Cook County because the district court stated that Brown was free to appeal the police board decision in the appropriate court or proper jurisdiction. Nevertheless, the court lacked jurisdiction. Well, the statement that it lacked jurisdiction is incorrect. As a result, this court should remand this matter back to the district court. Lastly, I'd like to address the waiver issue. The city asserts in its response brief that Mr. Brown has waived reliance on the applicable exception to res judicata because it wasn't raised in the district court. However, it is well-settled Illinois law that the waiver rule is an admonition to the parties and provides no limitation to the Seventh Circuit's ability or scope to embrace this issue now. There was clearly no contradiction between the state court voluntary dismissal order and court docket sheet entry, which stated voluntary dismissal would lead to refollow-out. Both indicate that the state court intended for Brown to maintain a second action, the retaliation action, which is an exception to res judicata. What was the reason for allowing him to split his claim in that way? What was the reason? Yes. Well, the reason is Mr. Brown had filed his federal claim, which encompassed the termination claim, and it was a decision that rather than waste the state court's time in litigating that matter, that it would all be brought in federal court. That was the decision. I get it. Why is wasting time of the federal court better than wasting time in the state court? Because the three claims – oh, I see I'm almost running out of time. But all these cases really arise from the same set of facts. Yes, precisely. That's the whole point. Why did you want them litigated in one court in one proceeding? In the state court, he had not been terminated. In federal court, it included his termination claim. Okay, well, thank you. I've reserved three minutes for rebuttal. Okay. Ms. Layton. May it please the Court. Your Honors, the district court correctly dismissed Brown's lawsuit as barred by res judicata. Brown went to final judgment in an earlier state court lawsuit raising claims that were based on the same core of operative facts. On appeal, Brown has – Well, Ms. Murchison just said that he couldn't have brought a termination – couldn't complain about termination in his state court suit because he hadn't been terminated yet. That's incorrect, Your Honor. I have a couple of responses. First of all, Brown has waived challenge to the elements of res judicata by not addressing that. No, no, but answer my question. Yes, Your Honor. Brown could have raised the termination in his state court lawsuit. In fact, he was notified that he was terminated two months before he filed the state court lawsuit. Now, the police board had not yet ruled on the review of that decision before he filed suit, but that occurred during the course of the lawsuit, the state court lawsuit, before Brown voluntarily dismissed that lawsuit. And there's precedent that holds that Brown could have asked the state court – in the Illinois administrative proceedings and asked them for an expedited ruling so that he could bring that lawsuit and amend his state court lawsuit to include that claim. Well, when does the termination actually occur? When the police board orders it? Well, the termination is final once the police board orders it. And that happened after? Before he voluntarily dismissed the lawsuit, but after he filed it. Okay. So it was in the course – It was still pending. Yes, it was still pending. The state court suit. Correct. He was notified two months before he filed the state court suit that he was stripped of his police powers, and then within the course of the state court lawsuit, the police board ruled. Right, but the termination doesn't actually become effective until the police board makes the decision. Correct, and then after that, he voluntarily dismissed the state court suit. So regarding the exception to res judicata that Brown is primarily relying on here, that's the restatement exception where the court in the first lawsuit expressly reserves the right to proceed in a second action on a claim that would otherwise be barred. Brown has both waived reliance on that by not raising it in the district court, but on its merits, the exception plainly does not apply in this case because there is no indication in the state court lawsuit that that court was expressly reserving Brown's ability to proceed on federal Section 1981 claims. Federal Section 1981 claims were not at issue in the state court lawsuit. Therefore, the language from the docket entry that Brown has relying on, whether or not the Illinois courts would believe that was an express reservation, leaving aside that issue, it plainly does not expressly reserve Brown's right to proceed on federal Section 1981 claims. That language says, voluntary dismissal with leave to refile allowed. That language can only be interpreted to refer to the claim that Brown was voluntarily dismissing, which was the state court retaliation claim. So when Brown dismissed that claim, and incidentally, the federal Section 1981 claims were pending at the time Brown voluntarily dismissed the state court lawsuit. Therefore, Brown could have brought these claims to the circuit court's attention and could have asked the circuit court to expressly reserve Brown's right to claim split with respect to those claims. He did not do that. Then he voluntarily dismissed, the state court enters this docket language, but again, that refers only to the state court retaliation claim. The 1981 claims were not mentioned, and the Illinois Supreme Court has interpreted the express reservation exception narrowly, consistent with this court's precedent. In fact, it cites... So there was no federal claim in the state court suit? Correct, Your Honor. There was no federal claim in state court. In this court's decision in D&K Properties, interpreted that Section 26 of the restatement language to require both that the reservation be expressed as in writing, and expressed as in specifically identifying the claim. The Illinois Supreme Court has cited that case with approval in Robinson v. Toyota Motor Corp., and the Illinois Appellate Courts, too, have followed that interpretation of the restatement. Accordingly, Brown cannot rely on that docket entry to preserve his claims. Just briefly, with respect to Quintus and Severino, which Brown relies on, those cases are distinguishable, beginning because they're Illinois Appellate Court cases, and as this court has noted, it's not required to follow them if the Supreme Court would do otherwise. But in addition, those cases address this docket language in the context where the second lawsuit was a refiled claim, the same claim that had been voluntarily dismissed. The specificity issue just wasn't in those cases. Correct, Your Honor. And it is here. Correct, Your Honor. And it's being asserted by the city. Correct, Your Honor. Finally, so in addition to the fact that those cases are distinguishable, even whatever else that language, this court actually doesn't have to wade into addressing whether those cases would be followed by the Supreme Court or not, because whatever else they stand for regarding this docket language, it is plain that that language does not reserve the right for Brown. But the scope of this doctrine is important. This is recurring litigation. We see these claim-splitting issues, particularly for whatever reason out of Illinois, in this court regularly. So the scope of this doctrine and getting it right is important. Correct, Your Honor. We absolutely urge the court to rule on 26 of the restatement and to interpret it consistent with D&K properties. So you're not pushing real hard on waiver? No, we're not pushing really hard on waiver. Correct, Your Honor. We just urge the court to, consistent with the precedent in the Illinois courts and this court, interpret it to require specific identification of the claim, because the court's intent has to be clear to preserve a claim from race judicata. With respect to whether to remand the administrative review count to the district court, I just wanted to briefly bring to the court's attention that, in addition to everything we say in our brief about that, events have now overtaken that, because since the briefing, Brown has brought the administrative review count in state court. The state court has dismissed that administrative review count. Brown filed an appeal with respect to that dismissal and then abandoned that appeal, and the Illinois appellate court dismissed for want of prosecution. So in addition to everything else, there's no need to remand count 3, because that is now race judicata. Is that it? Unless there are other questions, we respectfully ask the court to affirm the district court judgment. Thank you, Your Honor. Okay, thank you, Ms. Layton. Ms. Murchison, how much time do we have? One minute. Okay, I would just like to clarify two issues. The termination occurred in 2012. Sergeant Brown filed his complaint in 2011, so he couldn't have brought the termination claim in state court. The second issue is Quinta and Severino, and we do want to get the claim splitting doctrine right, and the courts have held that what's written on the docket sheet is part of the common law record. It didn't get there without a judge intending it to be there. It just wasn't the clerk's discretion. In order to get this case right, that means remanding it to the district court to examine count 1, count 2, and have this judge actually make a decision on count 3. Thank you. Okay, thank you very much to both counsels.